# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| BARBARA ROSENBLOOM, individually, and on behalf of all others similarly situated, | ) ) ) ) |
| Plaintiff, | ) **JURY TRIAL DEMANDED** |
| vs. | ) ) Case No. |
| VIVINT, INC., | ) (Circuit Court for St. Louis County, Missouri ) Case No. 19SL-CC02873) |
| Defendant. | ) ) ) |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1331, 1441, and 1446, Defendant Vivint, Inc. ("Vivint" or "Defendant") hereby removes this action from the Circuit Court of St. Louis County, Missouri, where the action is now pending, to the United States District Court for the Eastern District of Missouri, and states as follows:

### A.     This Court Has Federal Question Jurisdiction Over The Action

1.     On or about July 16, 2019, Plaintiff Barbara Rosenbloom ("Plaintiff") filed a putative class action petition in the Circuit Court of St. Louis County, Missouri against Defendant.  *See* Case No. 19SL-CC02873, Circuit Court of the 21st Judicial District, St. Louis County, Missouri State Court (the "State Court Action").

2.     In the State Court Action, Plaintiff alleges that Defendant violated the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.* (the "TCPA") contending that Defendant sent text messages to Plaintiff and other members of the putative class in

violation of "the express provisions of the TCPA, including, but not limited to, 47 U.S.C. § 227(b)(1)." *See* State Court Petition (hereinafter "Complaint"), ¶38.

3. Plaintiff, on her own behalf and purportedly on behalf of the putative class, seeks statutory and punitive damages and other relief for the alleged violations of 47 U.S.C. § 227(b)(3)(B). *See* Complaint, ¶39; *see also id.,* pp. 8-9 ("Demand for Judgment").

4. In accordance with 28 U.S.C. § 1446(a), Defendant Vivint has attached, as Exhibit A, a copy of Plaintiff's summons and state court class action petition, which are the only process, pleadings, or orders that have been served upon Defendant.

5. Defendant Vivint has not entered its appearance, filed a responsive pleading, or otherwise responded in the State Court Action.

6. 28 U.S.C. § 1441 provides that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending."

7. This Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1331 because it arises under the TCPA. Federal question jurisdiction exists when an action presents a claim "arising under the Constitution, laws, or treaties of the United States."  28 U.S.C. § 1331.  This Court has jurisdiction over this action under 28 U.S.C. § 1331, because Plaintiff's claims arise under a federal statute, the TCPA.

8. The Supreme Court has held that federal question jurisdiction exists over private actions, like this one, brought under the TCPA. *Mims v. Arrow Financial Services, LLC*, 132 S. Ct. 740, 742 (2012).

9. In light of the Supreme Court's unanimous decision in *Mims* specifically finding federal question jurisdiction over claims arising under the TCPA, this action is properly removable to this Court. *See, e.g.*, *St. Louis Heart Ctr., Inc. v. Vein Centers For Excellence, Inc.*, No. 4:12 CV 174 CDP, 2013 WL 6498245, at *10 (E.D. Mo. Dec. 11, 2013) ("In *Mims,* the Supreme Court held that federal courts had federal-question jurisdiction over TCPA claims.").

10. The Eastern Division of the Eastern District of Missouri is the division and district in which Plaintiff's state court action is pending.

11. Venue is proper because the St. Louis County Circuit Court, Missouri is within the United States District Court for the Eastern District of Missouri, Eastern Division. *See* 28 U.S.C. §§ 105, 1441(a) and 1446(a).

**B.** **Removal Is Timely Under 28 U.S.C. § 1446(b)**

12. Plaintiff's summons and state court class action petition were served on Defendant Vivint on July 18, 2019.

13. This Notice of Removal is timely pursuant to 28 U.S.C § 1446(b) because it is being filed "within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based." 28 U.S.C. § 1446(b); *see also Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 356 (1999) (holding that the thirty (30) day

removal period does not begin to run until defendant is formally served); *Marano Enters. of Kansas v. Z-Teca Rests., L.P.*, 254 F.3d 753, 756-57 (8th Cir. 2001) (same).

14. Because Defendant Vivint was served on July 18, 2019, the thirty-day time period continues through August 19, 2019, because 30 days from July 18, 2019 is August 17, 2019, which is a Saturday, and therefore the deadline extends to Monday August 19, 2019 pursuant to Fed. R. Civ. P. 6(a)(1)(C).

15. A copy of all process, pleadings, orders and other documents currently on file in the State Court Action at the time of removal are attached hereto as Exhibit B.

16. The materials in Exhibit B include a return of service confirming that Defendant Vivint was served July 19, 2019.  *See* Exhibit B.

## **LOCAL RULES**

17. Pursuant to Local Rules 2.02 and 2.03, the Original Filing Form has been filed.

18. Pursuant to Local Rules 2.02 and 2.03, the Civil Cover Sheet has been filed.

19. Written notice of the filing of this Notice of Removal will be given promptly to Plaintiff and, together with a copy of the Notice of Removal, will be filed with the Clerk of the Circuit Court of St. Louis County, Missouri, as required by 28 U.S.C. § 1446(d).

WHEREFORE, Defendant Vivint, Inc. removes this action from the Circuit Court of St. Louis County, Missouri to the United States District Court for the Eastern District of

Missouri, Eastern Division, and respectfully requests that this action proceed in this Court as an action properly removed.

Respectfully submitted this 16th day of August, 2019.

*/s/ Matthew D. Knepper*
Matthew D. Knepper, #61731MO
Sarah L. Zimmerman, #69440MO
HUSCH BLACKWELL LLP
190 Carondelet Plaza #600
St. Louis, MO 63105
Telephone: (314) 480-1500
Facsimile: (314) 480-1505
*matt.knepper@huschblackwell.com*
*sarah.zimmerman@huschblackwell.com*

**ATTORNEYS FOR DEFENDANT VIVINT, INC.**

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and accurate copy of the foregoing has been electronically filed with the Court via the Court's CM/ECF electronic filing system, and was served by e-mail and mailed, postage prepaid on August 16, 2019, to:

Christopher E. Roberts
David T. Butsch
BUTSCH ROBERTS & ASSOCIATES LLC
231 S. Bemiston Ave., Suite 260
Clayton, MO 63105
Ph:   314.863.5700
Fax: 314.863.5711
dbutsch@butschroberts.com
croberts@butschroberts.com
*Attorney for Plaintiff*

                              /s/ *Matthew D. Knepper*
                                  Attorney