# Exhibit A

IN THE CIRCUIT COURT OF ST. LOUIS COUNTY
STATE OF MISSOURI

BARBARA ROSENBLOOM, individually, )
and on behalf of all others similarly situated, )
                                                )
     Plaintiff,                         )
                                                )   Case No.:
v.                                            )
                                                )   Division:
VIVINT, INC.,                        )
                                                )
Serve registered agent:              )
C T Corporation System              )
120 South Central Avenue          )
Clayton, Missouri 63105            )
                                                )
     Defendant.                 )

## **PETITION**

COMES NOW Plaintiff Barbara Rosenbloom, individually, and on behalf of all others similarly situated, through her counsel of record, and for her Petition against Defendant Vivint, Inc., states:

**Parties, Jurisdiction and Venue**

1. Barbara Rosenbloom ("Rosenbloom") is an individual who resides in St. Louis County, Missouri.

2. Rosenbloom brings this action on behalf of herself and all others similarly situated.

3. Defendant Vivint, Inc. ("Vivint") is a Utah corporation registered in Missouri as a foreign corporation and is in good standing.

4. Vivint describes itself as "a leading smart home company in North America." The products and services it provides, include, among other items, home security systems.

5. This Court has personal jurisdiction over Vivint because it has solicited business in the State of Missouri, conducts business in the State of Missouri, has committed the acts described below in the State of Missouri and otherwise has sufficient minimum contacts with the State of Missouri, and such contacts are continuous and systematic.

## Background

6. Vivint markets its products and services, in part, through sending text messages to prospective customers' cell phones.

7. Rosenbloom is the owner of a cell phone and pays the bill for her cell phone account. Her cell phone number is 314-XXX-9504.

8. Rosenbloom did not provide her cell phone number to Vivint.

9. Rosenbloom had no prior business relationship with Vivint.

10. Rosenbloom did not grant Vivint prior express written consent to be called on her cell phone.

11. On July 5, 2019, Rosenbloom received the following text message from Vivint on her cellular phone in St. Louis County, Missouri:

> Hey Barbara – This is Monica with Vivint Smart Home following up on your interest in home security. We have a $0 Activation deal running right now. Are you available to talk today?

12. Rosenbloom did not express an interest to Vivint in obtaining a home security system.

13. On July 5, 2019, Rosenbloom received the following text message from Vivint on her cellular phone in St. Louis County, Missouri:

> Hello Barbara, just wanted to check in here and remind you of the $0 Activation deal we are running. Are you free to talk now? If not, when is the best time and day?

14. On July 6, 2019, Rosenbloom received the following text message from Vivint on her cellular phone in St. Louis County, Missouri:

> Morning Barbara – Just following up on my previous message. Are you available for a few minutes this morning for a quick call? If so, I can send you a $25 event voucher.

15. On July 6, 2019, Rosenbloom received the following text message from Vivint on her cellular phone in St. Louis County, Missouri:

> Hello Barbara, I noticed that I haven't been able to help you much yet. Would you be available for a few minutes to talk during lunch today? We can review some home security options that work best for you. Is that a good time for a quick call?

16. On July 6, 2019, Rosenbloom received the following text message from Vivint on her cellular phone in St. Louis County, Missouri:

> Hi Barbara. We weren't able to connect on the phone yet. What's the best time for a call?

17. Phone number 573-240-9416 appeared on Rosenbloom's cellular phone as being the phone number associated with each text message she received from Vivint.

18. Phone number 573-240-9416 is a number connected to Vivint, and contains a prerecorded message stating, "Thank you for calling Vivint Smart Home. Press 1 to be connected to a representative now. Or, press 9 to be removed from our list."

19. The text messages sent to Rosenbloom and the putative class members by Vivint were made for the purpose of marketing its products and services.

20. Vivint's conduct injured Rosenbloom and the putative class members because their privacy has been violated, and they were subject to annoying and harassing text messages that constituted a nuisance. Vivint's text messages intruded upon the rights of Rosenbloom and the putative class members to be free from invasion of their interest in seclusion.

3

21.     Vivint's conduct injured Rosenbloom and the putative class members because they wasted time addressing or otherwise responding to the unwanted text messages to their cellular phones.

22.     On information and belief, Vivint placed text messages *en masse* to cellular phones for the purpose of selling its products and services. Vivint placed those calls to Rosenbloom and putative class members without first obtaining their prior express written consent.

**Violation of the Telephone Consumer Protection Act ("TCPA"),
47 U.S.C. § 227 *et seq*.**

23.     The TCPA states, in part:

> It shall be unlawful . . . (A) to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice . . . (iii) to any telephone number assigned to a . . . cellular telephone . . . .

47 U.S.C. § 227(b)(1).

24.     The TCPA defines an "automatic telephone dialing system" as "equipment which has the capacity . . . to store or produce numbers to be called, using a sequential number generator; and to dial such numbers." 47 U.S.C. § 227(a)(1).

25.     The TCPA defines a "telephone solicitation" as a "call or message for the purpose of encouraging the purchase of goods, or services which is transmitted to any person." 47 U.S.C. § 227(a)(4).

26.     The Federal Communications Commission's regulations implementing the TCPA provide that telephone solicitations cannot be made to a recipient without the recipient's "prior express written consent." *See* FCC 12-21, CG Docket 02-278 (effective October 16, 2013); 47 C.F.R. § 64.1200(a)(2)

4

27. The term "prior express written consent" as defined by the Code of Federal Regulations means "an agreement, in writing, bearing the signature of the person called that clearly authorizes the seller to deliver or cause to be delivered to the person called advertisements or telemarketing messages using an automatic telephone dialing system or an artificial or prerecorded voice, and the telephone number to which the signatory authorizes such advertisements or telemarketing messages to be delivered." 47 C.F.R. § 64.1200(f)(8)(i).

28. The TCPA provides for a private right of action and statutory damages of at least $500.00, and up to $1,500.00 per violation.  47 U.S.C. § 227(b)(3).

**Class Allegations**

29. Pursuant to Missouri Supreme Court Rule 52.08, Rosenbloom brings this lawsuit as a class action on behalf of himself and all others similarly situated. This action satisfies the requirements of numerosity, commonality, typicality, adequacy of representation, predominance and superiority.

30. Rosenbloom seeks to represent the following class:

> All persons in the United States who, from July 16, 2015 to the present, who received a text message on their cell phone from Vivint or someone acting on its behalf and did not provide Vivint their prior express written consent to receive such text messages.

31. On information and belief, Vivint used an automatic telephone dialing system to send text messages to Rosenbloom's cellular phone and to the putative class members' cellular phones.  The device or devices Vivint used to place the telephone calls to cellular numbers had the capacity to store or produce telephone numbers to be called using a random or sequential number generator and to dial such numbers.

5

32. On information and belief, Vivint sent text messages to the cell phones of Rosenbloom and the putative class members without first obtaining the recipients' prior express written consent to send them such text messages.

33. On information and belief, Vivint sent text messages *en masse* to hundreds, if not thousands, of cellular telephone numbers using an automatic telephone dialing system.

34. On information and belief, Rosenbloom and the putative class members' cell phone numbers were included on lists stored in the device or devices of the system or systems used by Vivint to send the text messages and Vivint used the device or devices to send text messages to the lists of numbers.

35. On information and belief, the text messages sent to Rosenbloom and the class members were sent by a system with the capability to send text messages at automatically scheduled intervals.

36. On information and belief, the device or devices used by Vivint to send text messages to Rosenbloom and the putative class members had the ability to automatically insert the first name of the text message recipient from a list so as to make the text messages appear to be personalized.

37. On information and belief, the content of the text messages received by Rosenbloom is generic and identical or substantially similar to the text messages received by many of the putative class members.

38. Vivint's conduct as described in this suit violated the express provisions of the TCPA, including, but not limited to, 47 U.S.C. § 227(b)(l) and the TCPA's corresponding statutes and regulations.

6

39. Vivint knew or should have known that the putative class members did not provide their prior express written consent to receive calls on their cellular phones.

40. Rosenbloom and the putative class members are entitled to damages of $500.00 per text message sent by Vivint and up to $1,500.00 per call if the Court finds that Vivint willfully violated the TCPA.

41. On information and belief, there are hundreds or thousands of people in the proposed class, and the class is so geographically diverse that joinder of all members is impracticable.

42. Rosenbloom's claims are typical of the class she seeks to represent. Rosenbloom and the putative class members were sent text messages by Vivint through an automatic telephone dialing system and did not provide prior express written consent to be called on their cellular phones. Rosenbloom's claims and the claims of the putative class members are based on the same legal theories and arise from the same unlawful conduct thereby resulting in the same injury to Rosenbloom and the putative class members.

43. There are questions of law and fact common to the class. Common questions include, but are not limited to:

    a. Whether Vivint sent text messages to the cellular phones of Rosenbloom and the putative class members without first obtaining the recipients' prior express written consent;

    b. Whether Vivint sent text messages to the cellular phones of Rosenbloom and the putative class members using an automatic telephone dialing system;

    c. Whether Vivint's conduct violates the provisions of the TCPA, 47 U.S.C. § 227, *et seq.*;

7

  d. Whether Vivint's conduct violates the rules and regulations implementing the TCPA; and,

  e. Whether Rosenbloom and putative class members are entitled to increased damages based on the willfulness of Vivint's conduct.

  44. Rosenbloom will fairly and adequately represent the putative class members. Rosenbloom has retained counsel experienced in the prosecution of class actions. Rosenbloom is committed to vigorously prosecuting the claims presented in this petition. Neither Rosenbloom nor Rosenbloom's counsel have any interests adverse or in conflict with the absent class members.

  45. The questions of law and fact common to the members of the proposed class predominate over any questions of fact affecting any individual member of the proposed class.

  46. A class action is superior to other methods for the fair and efficient adjudication of this controversy. Because the damages suffered by the individual class members may be relatively small compared to the expense and burden of litigation, it is impracticable and economically infeasible for class members to seek redress individually.

<b>Demand for Judgment</b>

WHEREFORE Plaintiff Barbara Rosenbloom, individually, and on behalf of all others similarly situated, requests the Court enter judgment against Defendant Vivint, Inc. in excess of $25,000 and grant the following relief:

  a. Enter an order against Defendant Vivint, Inc., pursuant to Missouri Supreme Court 52.08, certifying this action as a class action and appointing Plaintiff Barbara Rosenbloom as representative of the class;

  b. Enter an order appointing Butsch Roberts & Associates LLC as counsel for the class;

  c. Enter judgment in favor of Rosenbloom and the putative class for all damages available under the TCPA, including statutory damages of $500 per violation, or up to $1,500 per violation if Vivint willfully violated the TCPA;

  d. Award Rosenbloom and the class all expenses of this action, and requiring defendant to pay the costs and expenses of class notice and claims administration; and,

  e. Award Rosenbloom and the class such further and other relief the Court deems just and appropriate.

**Jury Trial Demanded**

**BUTSCH ROBERTS & ASSOCIATES LLC**

By: /s/ Christopher E. Roberts
David T. Butsch #37539
Christopher E. Roberts #61895
231 South Bemiston Ave., Suite 260
Clayton, MO 63105
(314) 863-5700 (telephone)
(314) 863-5711 (fax)
dbutsch@butschroberts.com
croberts@butschroberts.com

Attorneys for Plaintiff Barbara Rosenbloom

9

## AFFIDAVIT OF SERVICE

Comes now JACK EISEN, and being duly sworn upon his oath states as follows his Return on a Summons in Civil Case (Case No: 19SL-CC02873) directed to Vivint, Inc., c/o CT Corp System, R/A.

1. That he served Custodian of Records by personally handing a copy of said Summons in Civil Case (Case No: 19SL-CC02873) to Bonnie Love, CT Corp System.

2. That said service was made at 2:50pm on the 18 day of July, 2019 within the County of St. Louis, State of Missouri, at 120 S. Central Ave., Clayton, MO 63105.

3. That the information given herein is true and accurate to Affiant's best knowledge, information and belief.

_____
JACK EISEN, Affiant

STATE OF MISSOURI
COUNTY OF ST. LOUIS

On this 18 day of _____July_____, 2019 personally appeared before me, the person who signed the foregoing Affidavit, that same was executed as Affiant's free act a Notary Public, the above named Affiant, who being duly sworn, declared that Affiant is and deed and that the statements therein are true and correct to the best of the Affiant's knowledge, information & belief.

_____
Ann Mayer Eisen, Notary Public

My Commission Expires:

ANN MAYER EISEN
Notary Public - Notary Seal
State of Missouri
Commissioned for St. Louis County
My Commission Expires: August 08, 2022
Commission Number: 14428270

# IN THE 21ST JUDICIAL CIRCUIT COURT, ST. LOUIS COUNTY, MISSOURI

| Judge or Division:<br>BRIAN H MAY | Case Number: 19SL-CC02873 |
|---|---|
| Plaintiff/Petitioner:<br>BARBARA ROSENBLOOM<br><br>vs. | Plaintiff's/Petitioner's Attorney/Address<br>CHRISTOPHER ELISHA ROBERTS<br>SUITE 200<br>231 SOUTH BEMISTON AVE.<br>CLAYTON, MO 63105 |
| Defendant/Respondent:<br>VIVINT, INC. | Court Address:<br>ST LOUIS COUNTY COURT BUILDING<br>105 SOUTH CENTRAL AVENUE<br>CLAYTON, MO 63105 |
| Nature of Suit:<br>CC Other Tort | (Date File Stamp) |

## Summons in Civil Case

The State of Missouri to: VIVINT, INC.
Alias:

SERVE R/A CT CORP SYSTEM
120 SOUTH CENTRAL AVENUE
CLAYTON, MO 63105

COURT SEAL OF ST. LOUIS COUNTY

You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for Plaintiff/Petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.

SPECIAL NEEDS: If you have special needs addressed by the Americans With Disabilities Act, please notify the Office of the Circuit Clerk at 314-615-8029, FAX 314-615-8739, email at SLCADA@courts.mo.gov, or through Relay Missouri by dialing 711 or 800-735-2966, at least three business days in advance of the court proceeding.

18-JUL-2019
Date

_[signature]_
Clerk

Further Information:
AD

### Sheriff's or Server's Return

Note to serving officer: Summons should be returned to the court within thirty days after the date of issue.
I certify that I have served the above summons by: (check one)
☐ delivering a copy of the summons and a copy of the petition to the Defendant/Respondent.
☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the Defendant/Respondent with _____ a person of the Defendant's/Respondent's family over the age of 15 years who permanently resides with the Defendant/Respondent.
☑ (for service on a corporation) delivering a copy of the summons and a copy of the petition to
_Vivint Inc. Accepted By Bonnie Love of CT Corp System_ (name) _Registered Agent of Vivint, Inc._ (title).
☐ other _____
Served at _120 S. Central Ave., Clayton, MO 63105_ (address)
in _St. Louis_ (County/City of St. Louis), MO, on _July 18, 2019_ (date) at _8:50 a_ (time).

_Paul Eisen_ _[signature]_
Printed Name of Sheriff or Server   Signature of Sheriff or Server

Must be sworn before a notary public if not served by an authorized officer:
Subscribed and sworn to before me on _July 18, 2019_ (date).
My commission expires: _8/8/22_   _[signature]_
Date   Notary Public

ANN MAYER EISEN
Notary Public - Notary Seal
State of Missouri
Commissioned for St. Louis County
My Commission Expires: August 08, 2022
Commission Number: 14428270

| Sheriff's Fees, if applicable | |
|---|---|
| Summons | $_____ |
| Non Est | $_____ |
| Sheriff's Deputy Salary Supplemental Surcharge | $_____10.00_____ |
| Mileage | $_____ (_____ miles @ $._____ per mile) |
| **Total** | $_____ |

A copy of the summons and a copy of the petition must be served on **each** Defendant/Respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.

Electronically Filed - St Louis County - July 19, 2019 - 01:21 PM

# THE CIRCUIT COURT OF ST. LOUIS COUNTY, MISSOURI

Twenty First Judicial Circuit

## NOTICE OF ALTERNATIVE DISPUTE RESOLUTION SERVICES

### Purpose of Notice

As a party to a lawsuit in this court, you have the right to have a judge or jury decide your case. However, most lawsuits are settled by the parties before a trial takes place. This is often true even when the parties initially believe that settlement is not possible. A settlement reduces the expense and inconvenience of litigation. It also eliminates any uncertainty about the results of a trial.

Alternative dispute resolution services and procedures are available that may help the parties settle their lawsuit faster and at less cost. Often such services are most effective in reducing costs if used early in the course of a lawsuit. Your attorney can aid you in deciding whether and when such services would be helpful in your case.

### Your Rights and Obligations in Court Are Not Affected By This Notice

You may decide to use an alternative dispute resolution procedure if the other parties to your case agree to do so. In some circumstances, a judge of this court may refer your case to an alternative dispute resolution procedure described below. These procedures are not a substitute for the services of a lawyer and consultation with a lawyer is recommended. Because you are a party to a lawsuit, you have obligations and deadlines which must be followed whether you use an alternative dispute resolution procedure or not. **IF YOU HAVE BEEN SERVED WITH A PETITION, YOU MUST FILE A RESPONSE ON TIME TO AVOID THE RISK OF DEFAULT JUDGMENT, WHETHER OR NOT YOU CHOOSE TO PURSUE AN ALTERNATIVE DISPUTE RESOLUTION PROCEDURE.**

### Alternative Dispute Resolution Procedures

There are several procedures designed to help parties settle lawsuits. Most of these procedures involve the services of a neutral third party, often referred to as the "neutral," who is trained in dispute resolution and is not partial to any party. The services are provided by individuals and organizations who may charge a fee for this help. Some of the recognized alternative dispute resolutions procedures are:

**(1) Advisory Arbitration:** A procedure in which a neutral person or persons (typically one person or a panel of three persons) hears both sides and decides the case. The arbitrator's decision is not binding and simply serves to guide the parties in trying to settle their lawsuit. An arbitration is typically less formal than a trial, is usually shorter, and may be conducted in a private setting at a time mutually agreeable to the parties. The parties, by agreement, may select the arbitrator(s) and determine the rules under which the arbitration will be conducted.

**(2) Mediation:** A process in which a neutral third party facilitates communication between the parties to promote settlement. An effective mediator may offer solutions that have not been considered by the parties or their lawyers. A mediator may not impose his or her own judgment on the issues for that of the parties.

CCADM73

OSCA (7-99) SM30  (SMCC) *For Court Use Only*: **Document ID# 19-SMCC-6451**     3        (Civil Procedure Form No. 1, Rules 54.01 – 54.05,
                                                                                   54.13, and 54.20; 506.120 – 506.140, and 506.150 RSMo

**(3) Early Neutral Evaluation ("ENE"):** A process designed to bring the parties to the litigation and their counsel together in the early pretrial period to present case summaries before and receive a non-binding assessment from an experienced neutral evaluator. The objective is to promote early and meaningful communication concerning disputes, enabling parties to plan their cases effectively and assess realistically the relative strengths and weaknesses of their positions. While this confidential environment provides an opportunity to negotiate a resolution, immediate settlement is not the primary purpose of this process.

**(4) Mini-Trial:** A process in which each party and their counsel present their case before a selected representative for each party and a neutral third party, to define the issues and develop a basis for realistic settlement negotiations. The neutral third party may issue an advisory opinion regarding the merits of the case. The advisory opinion is not binding.

**(5) Summary Jury Trial:** A summary jury trial is a non binding, informal settlement process in which jurors hear abbreviated case presentations. A judge or neutral presides over the hearing, but there are no witnesses and the rules of evidence are relaxed. After the "trial", the jurors retire to deliberate and then deliver an advisory verdict. The verdict then becomes the starting point for settlement negotiations among the parties.

## Selecting an Alternative Dispute Resolution Procedure and a Neutral

If the parties agree to use an alternative dispute resolution procedure, they must decide what type of procedure to use and the identity of the neutral. As a public service, the St. Louis County Circuit Clerk maintains a list of persons who are available to serve as neutrals. The list contains the names of individuals who have met qualifications established by the Missouri Supreme Court and have asked to be on the list. The Circuit Clerk also has Neutral Qualifications Forms on file. These forms have been submitted by the neutrals on the list and provide information on their background and expertise. They also indicate the types of alternative dispute resolution services each neutral provides.

A copy of the list may be obtained by request in person and in writing to: Circuit Clerk, Office of Dispute Resolution Services, 105 South Central Ave., 5th Floor, Clayton, Missouri 63105. The Neutral Qualifications Forms will also be made available for inspection upon request to the Circuit Clerk.

The List and Neutral Qualification Forms are provided only as a convenience to the parties in selecting a neutral. The court cannot advise you on legal matters and can only provide you with the List and Forms. You should ask your lawyer for further information.

CCADM73

OSCA (7-99) SM30  (SMCC) *For Court Use Only: Document ID# 19-SMCC-6451*    4    (Civil Procedure Form No. 1, Rules 54.01 – 54.05, 54.13, and 54.20; 506.120 – 506.140, and 506.150 RSMo

Electronically Filed - St Louis County - July 19, 2019 - 01:21 PM